UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **COREY OUTLAW** | : | **CIVIL ACTION  2:14-CV-1007** |
| BOP#29812-018 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **C. MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an application for a writ of *habeas corpus* petition filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Corey Outlaw (hereafter "Outlaw"). Outlaw is an inmate in the custody of the Federal Bureau of Prisons (hereafter "BOP"), and he is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana (hereafter "FCIO").

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

*I.*
*Background*

In 2002 Outlaw pled guilty to two counts of a four-count indictment, specifically conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(8), and use and carrying of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Doc. 4, p. 1. On January 13, 2003, he was sentenced in the United States District Court for the Middle District of Florida (Jacksonville Division) to 210

months imprisonment on Count One and a consecutive 120 month term of imprisonment as to Count Two, for a total term of 330 months imprisonment. Doc. 4, p. 1.

Outlaw states that he filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the 120 month sentence. Doc. 1, p. 3. The motion was apparently denied as he states that he filed an application for leave to file a second or successive § 2255 motion based on actual innocence with the United States Court of Appeals for the Eleventh Circuit. Doc. 1, p. 2.

Outlaw filed the current *habeas corpus* petition (28 U.S.C. § 2241) with this court on May 16, 2014. Doc. 1. He filed amended petitions on July 17, 2014, (doc. 6) and October 21, 2014, (doc. 9), as well as affidavits in support of his petition on January 14, 2015. Doc. 10. In this proceeding Outlaw asserts that he is actually innocent of the Section 924(c)(1)[1] charge based on "newly discovered evidence which establishes that there is no longer sufficient evidence to establish a nexus between the petitioner's use of a firearm and the underlying drug trafficking offense of possession with the intent to distribute cocaine." Doc. 4, p. 2. In support of this position, Outlaw relies on the recent United States Supreme Court decision in *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). Doc. 1, p. 4.

Outlaw asks this court to vacate his conviction. Doc. 1, p. 6.

---

[1] 18 USC § 924(c)(1)(A) provides

> **(c)(1)(A)**…any person who, during and in relation to any crime of violence or drug trafficking crime…for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> **(i)** be sentenced to a term of imprisonment of not less than 5 years;
>
> **(ii)** if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> **(iii)** if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

## II.
### *Law and Analysis*

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, a motion to vacate filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their conviction or sentence. See *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here, petitioner collaterally attacks the legality of his conviction and sentence, not the manner in which his sentence is being executed. Accordingly, his claim is appropriately characterized as a motion to vacate pursuant to 28 U.S.C. § 2255.

Federal prisoners may use § 2241 to challenge the legality of their conviction or sentence only if they satisfy the § 2255 "savings clause." See *Reyes–Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file an application for a writ of *habeas corpus* pursuant to § 2241 if his or her remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his or her claim is based on a retroactively applicable Supreme Court decision which establishes that he or she may have been convicted of a nonexistent offense, and (2) his or her claim was foreclosed by circuit law at the time the claim should have been raised at trial, on appeal, or in his or her first § 2255 motion. *Reyes–Requena*, 243 F.3d at 904.

Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior § 2255 motion was unsuccessful or that the petitioner is unable to meet the statute's second or successive requirement does not entitle a

petitioner to § 2241 relief. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Outlaw's allegations are insufficient to invoke the savings clause under § 2255 in this case. He has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his previous motions to vacate.

Moreover, his attempt to proceed under the "savings clause" with a claim based on the holding of *McQuiggin* is without merit. The Fifth Circuit recently rejected a federal inmate's attempt to proceed under the savings clause with claims based on *McQuiggin* and *Alleyne v. United States*, 133 S.Ct. 2151 (2013).  See *Grifin v. Longley*, 548 Fed. Appx. 146 (5th Cir. 2013) (unpublished) (affirming dismissal of § 2241 petition by custodial court). There the court stated that *McQuiggin* and *Alleyne* "do not support a holding that [plaintiff's] claim is based on a retroactively applicable Supreme Court opinion indicating that he was [earlier]  convicted of a nonexistent offense and that his claim was foreclosed when it otherwise should have been raised." *Id*. at 147 (citing *Reyes–Requena*, 243 F.3d at 904).[2]

Thus, in the instant case, Outlaw may not avail himself of § 2241 relief. His claims must be brought in a motion to vacate under § 2255. The instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

---

[2] Neither *Descamps* nor *McQuiggin* have been made retroactively applicable to cases on collateral review. See *Tyler v. Cain*, 533 U.S. 656, (2001) (holding that a new rule is not made retroactive to cases on collateral review unless the Supreme Court expressly holds it to be retroactive).

## III.
### *Conclusion*

For the foregoing reasons:

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have 14 days from its service to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within 14days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE this 11th day of March, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE